UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COURTNEY SUBOCZ,<br><br>    Plaintiff,<br><br>v.<br><br>HANZO ARCHIVES, INC., HANZO ARCHIVES LIMITED, KEITH LASKA, JOHN DOE (1-10) AND ABC CORP. (1-10),<br><br>    Defendants. | Civil Case No. 3:19-cv-17462<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFESES** |

Defendants Hanzo Archives, Inc. ("Hanzo Inc."), Hanzo Archives Limited ("Hanzo Ltd") and Keith Laska ("Laska") (collectively referred to as "Defendants"), by and through their attorneys Fisher Phillips LLP, answer the Complaint filed by Plaintiff Courtney Subocz, as follows

## THE PARTIES

1. Defendants admit the allegations of paragraph 1.

2. Defendants admit the allegations of paragraph 2.

3. Defendants admit the allegations of paragraph 3.

4. Defendants admit the allegations of paragraph 4.

5. Defendants admit the allegations of paragraph 5.

6. Defendants admit the allegations of paragraph 6.

7. Defendants admit the allegations of paragraph 7.

8. Except to admit the Subocz was employed by Hanzo Inc. as a Product Director from September 2018 until March 12, 2019, when her employment was terminated, Defendants deny the remaining allegations of paragraph 8.

FP 36109989.1

9. Except to state that Subocz was not employed by Hanzo Limited, the allegations of paragraph 9 set forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 9.

10. Defendants admit the allegations of paragraph 10.

11. Defendants admit the allegations of paragraph 11.

12. Defendants deny the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13.

14. Defendants deny the allegations of paragraph 14.

15. The allegations of paragraph 15 set forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 15.

## HANZO RETALIATED AGAINST PLAINTIFF

16. Except to admit that Subocz was hired as a Product Director on or about 7, 2018, Defendants deny the remaining allegations of paragraph 16.

17. Except to admit that the Hanzo website states, among other things, "use powerful algorithms to search and analyze mountains of online data, identifying subjects across the web and social media sites," Defendants deny the remaining allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18,

19. Defendants deny the allegations of paragraph 19.

20. Defendants admit the allegations of paragraph 20.

21. Except to admit that Zubocz attended a few conferences at Hanzo's request, Defendants deny the remaining allegations of paragraph 21.

22. Except to admit that Hanzo began selling the Hanzo Dynamic Investigator with Subocz's approval, Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Except to confirm there is a manual component, Defendants deny the remaining allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Except to admit there is a business relationship between Hanzo and Epiq Global, Defendants deny the remaining allegations in paragraph 27.

28. Except to confirm there is a manual component, Defendants deny the remaining allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants are without information or knowledge sufficient to admit or deny the allegations of paragraph 32 and therefore, deny them.

33. Except to admit that Subocz sent an email dated March 12, 2019, Defendants refer to the email itself for its content and deny the remaining allegations in paragraph 33.

34. Defendants refer to the email itself for its content and deny the remaining allegations in paragraph 34.

35. Defendants admit that Subocz was advised on March 12, 2019, that her employment was terminated.

36. Except to admit that Subocz was terminated for a number of performance-related reasons, Defendants deny the remaining allegations of paragraph 36.

37. Except to state that Defendants provided Subocz with a number of written criticisms about her performance and conducted an in-person meeting in London at which her performance was reviewed, Defendants deny the remaining allegations of paragraph 37.

38. Except to admit that Subocz and other members of the Hanzo team on which she worked received an Amazon gift voucher, Defendants deny the remaining allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

### PLAINTIFF'S DAMAGES

40. Defendants are without information or knowledge sufficient to admit or deny the allegations of paragraph 40 and therefore, deny them.

41. Defendants are without information or knowledge sufficient to admit or deny the allegations of paragraph 41 and therefore, deny them.

42. Defendants deny the allegations of paragraph 42.

43. Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

### COUNT ONE
### (CONSCIENTIOUS EMPLOYEE PROTECTION ACT

47. Defendants repeat theirs answers to the prior paragraphs as if set forth in detail herein.

48. Defendants deny the allegations of paragraph 48.

49. Defendants deny the allegations of paragraph 49.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53.

54. Defendants deny the allegations of paragraph 54.

**WHEREFORE** Defendants demand judgment in their favor and against Plaintiff dismissing the Complaint in its entirety and with prejudice and awarding Defendants their costs and attorneys' fees and any further relief deemed appropriate by the Court.

## COUNT ONE
## (PUBLIC POLICY)

55. Defendants repeat theirs answers to the prior paragraphs as if set forth in detail herein.

56. Defendants deny the allegations of paragraph 56.

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

**WHEREFORE** Defendants demand judgment in their favor and against Plaintiff dismissing the Complaint in its entirety and with prejudice and awarding Defendants their costs and attorneys' fees and any further relief deemed appropriate by the Court.

## AFFIRMATIVE DEFENSES

By way of further answer, Defendants asserts the following Affirmative Defenses. By asserting these Affirmative Defenses, Defendants are providing notice to Plaintiff of the defenses it intends to raise, and it does not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff did not suffer any damages for which she is entitled to relief

## THIRD DEFENSE

Plaintiff has not suffered any economic damages and, to the extent she alleges damages, has failed to properly mitigate. reasonable efforts.

## FOURTH DEFENSE

To the extent that Plaintiff has failed to mitigate his damages, the Company is entitled to a set-off of the amounts which Plaintiff earned or could have earned through reasonable efforts.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands, and/or other related equitable doctrines.

## SIXTH DEFENSE

Plaintiff's alleged damages, if any, were attributable in whole or in part to her own conduct and not to the actions or inactions of the Company.

## SEVENTH DEFENSE

Any actions of the Company were based on legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons.

## EIGHTH DEFENSE

Plaintiff would be unjustly enriched by any recovery.

## NINTH DEFENSE

Plaintiff failed to take advantage of any preventative or corrective opportunities provided by the Company to avoid harm.

## TENTH DEFENSE

Plaintiff cannot demonstrate a causal connection between her purported complaints and any adverse employment decision.

## ELEVENTH DEFENSE

The Company and its employees, agents, and representatives at all times acted in full conformity with all applicable federal, state, and local statutes and regulations and exercised reasonable care in connection with Plaintiff's employment.

## TWELFTH DEFENSE

The Company has, and at all relevant times maintained, a well-publicized anti-discrimination policy and complaint procedure, of which Plaintiff was knowledgeable, which provides for investigation of all claims of discrimination brought by employees.

## RESERVATION OF RIGHTS

The Company reserves the right to assert any additional defenses that further investigation and discovery may reveal to be applicable.

                Respectfully submitted,

                By:  /s/ David E. Strand
                    David E. Strand, Esq.
                    FISHER & PHILLIPS LLP
                    430 Mountain Ave., Suite 303
                    Murray Hill, NJ 07974
                    Phone: (908) 516-1050
                    Fax: (908) 516-1051
                    E-Mail: dstrand@fisherphillips.com

                    Attorneys for Defendants
                    *Hanzo Archives, Inc., Hanzo Archives Limited and Keith Laska,*

Dated: September 20, 2019

## CERTIFICATE OF SERVICE

A copy of the foregoing Answer of Defendants was filed electronically via ECF and served on this day via ECF upon all counsel of record.

Dated: September 20, 2019

Respectfully submitted,

**FISHER PHILLIPS LLP**
Attorneys for Defendants
*Hanzo Archives, Inc., Hanzo Archives Limited and Keith Laska,*
By:   /s/ David E. Strand
        DAVID E. STRAND
        430 Mountain Avenue, Suite 303
        Murray Hill, New Jersey 07974
        Phone: (908) 516-1050
        Fax: (908) 516-1051
        E-mail: dstrand@fisherphillips.com

FISHER & PHILLIPS LLP
The New York Times Building
620 Eighth Avenue, 36th Floor
New York, New York 10018